IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JODY E. BROACH                                                                                          PLAINTIFF

v.                                            CIVIL NO. 23-2124

MARTIN J. O'MALLEY, Commissioner
Social Security Administration                                                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jody E. Broach, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on July 30, 2021, alleging an inability to work since June 17, 2014, due to swelling of the legs, lower back swelling, migraines, a learning disability in math and reading, dyslexia, and inability to walk far. (Tr. 235, 354). For DIB purposes, Plaintiff maintained insured states through December 31, 2019. (Tr. 42, 60). An administrative telephonic hearing was held on September 15, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 57-86).

By written decision dated October 25, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 44).

1

Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: disorders of the spine, migraine headaches, obesity, and borderline intellectual functioning. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 45). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she could have lifted and carried no more than 20 pounds at a time but could have otherwise frequently lifted and carried up to 10 pounds. She could perform activities that require a good deal of standing and walking, as much as six hours in an eight-hour workday. The claimant could not work around very loud noises (think a jack hammer or a rock concert). Mentally, she was able to perform simple, routine, and repetitive tasks. The claimant could understand, follow, and remember concrete instructions. She could have had superficial contact with coworkers, supervisors, and the public, with superficial meaning that she could meet and greet others, make change, and give simple instructions. She could have adjusted to changes in the workplace.

(Tr. 46). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as a housekeeping cleaner, a small parts assembler, and a merchandise marker. (Tr. 51).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on August 23, 2023. (Tr. 3-9). On September 13, 2023, after reviewing new evidence submitted by Plaintiff, the Appeals Council found no reason to reopen or change the ALJ's decision. (Tr. 1-2). Subsequently, Plaintiff filed this action. (ECF No. 3). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) The ALJ erred in evaluating Plaintiff's migraine headaches and borderline intellectual functioning; 2) The ALJ erred in determining Plaintiff's RFC; and 3) The ALJ's erred in the Step-Five finding. (ECF No. 12). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 14).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2019. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of June 17, 2014, her alleged onset date of disability, through December 31, 2019, the last date she was in insured status under Title II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical

or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light work with limitations prior to her date last insured, the ALJ considered the medical assessment of a treating medical provider and non-examining agency medical consultants; Plaintiff's subjective complaints; witness statements; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC prior to her date last insured. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a housekeeping cleaner, a small parts assembler, and a merchandise marker prior to her date last insured. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 27th day of September 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE